**William SIMPSON, Plaintiff,**

**v.**

**G. Michael BROGLIN, Superintendent of Westville Correctional Center; Daniel McBride, Director of Industrial Complex; Anthony Metzcus, Health Care Administrator and Keeper of Medical Records, Defendants.**

**No. S 84–399.**

United States District Court,
N.D. Indiana,
South Bend Division.

July 11, 1985.

William Simpson, pro se.

William Patrick Glynn III, Deputy Atty. Gen., Indianapolis, Ind., for defendants.

## MEMORANDUM AND ORDER

ALLEN SHARP, Chief Judge.

Defendants filed a motion for summary judgment pursuant to Fed.R.Civ.Pro. 56. Defendants notified plaintiff pursuant to *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1983), and Rule 7 of the United States District Court for the Northern District of Indiana that plaintiff had fifteen days from the date of service within which to file a response to defendants' motion for summary judgment. The date of service on defendants' motion for summary judgment was December 24, 1984. Plaintiff has failed to respond. This case is now ripe for ruling.

Plaintiff, William Simpson, is a prisoner of the State of Indiana incarcerated at Westville Correctional Center (WCC) in Westville, Indiana. Plaintiff has filed an action against officials at WCC pursuant to 42 U.S.C. § 1983. In his complaint, plaintiff alleges that the defendants, G. Michael Broglin, Superintendent of WCC, Daniel McBride, Director of Industrial Complex at WCC, and Anthony Metzcus, Health Care Administrator and Keeper of Medical Records at WCC, were negligent because they refused to repair the shower floor in Dorm N.

On May 25, 1984, at around 9:15 o'clock P.M., plaintiff slipped and fell while alone in the Dorm N shower. Plaintiff alleges that he slipped and fell because tiles in a couple of seven to ten inch square areas and which were each ¼ inch deep, were missing. As a result of his fall and the defendants' alleged negligence in not having replaced the tile, plaintiff sustained serious injury to his lower spine area and the left side of his head. Plaintiff claims that he received improper medical treatment thereafter. None of the defendants were involved in plaintiff's accident.

The following morning, May 26, 1984, plaintiff was taken to the prison hospital by ambulance after he complained that he could not get out of bed and walk. An x-ray taken at the hospital showed a normal spine. Plaintiff was then seen by an orthopedic specialist on June 11, 1984, and was released from the hospital. He continued reporting to the orthopedic clinic until he was discharged on July 23, 1984.

The court notes that plaintiff's fall in the shower was not the first time plaintiff had injured his back. Plaintiff injured his back on April 30, 1984 while playing basketball. He had seen an orthopedic surgeon on May 21, 1984, and was released back to his dorm, just five days before plaintiff reinjured his back in the shower. This court further notes that several recreation lead-

ers at WCC stated in their affidavits that they had observed plaintiff participating in basketball games and playing tennis after he had been discharged from the orthopedic clinic on July 23, 1984. Plaintiff has not denied these allegations.

■ Plaintiff has filed this action *pro se* under 42 U.S.C. § 1983. The issue this court must decide is whether the plaintiff's complaint fosters an appropriate § 1983 claim.

■ It is axiomatic that a plaintiff can prove no deprivation of his constitutional rights under § 1983 unless the state has a constitutionally recognized duty to protect the plaintiff. *Jackson v. Byrne*, 738 F.2d 1443, 1446 (7th Cir.1984). Where the state has created a custodial or other special relationship with a particular class of individuals, courts have recognized that the state may have a constitutionally recognized "affirmative duty" to provide certain "elementary protective services." *Benson v. Cady*, 761 F.2d 335, 339 (7th Cir.1985); *Jackson, supra*, at 1446–47. Prisoners are considered one such class.

In *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), the Supreme Court of the United States held that in any § 1983 claim the initial inquiry must focus on whether the two essential elements to a § 1983 claim are present: (1) whether the conduct complained of was committed by a person acting under color of state law, and (2) whether the conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.

The fact that all the defendants are employed by the state and any action they take in regard to their employment is sanctioned by the state, is sufficient to fulfill the requirement that these defendants are acting under the color of state law. The court's second inquiry is whether plaintiff has been deprived of any right, privilege, or immunities secured by the Constitution or laws of the United States. Plaintiff has not referred to any right, privilege, or immunity secured by the Constitution or laws

of the United States which have been traversed. However, under *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), this court must construe plaintiff's complaint in the light most favorable to the plaintiff and will do so.

The most logical claim that plaintiff can present is that the conduct of the defendants violates the due process clause of the Fourteenth Amendment of the Constitution of the United States. However, Justice Rehnquist suggested in *Parratt, supra*, that:

To accept respondent's argument that the conduct of state officials in this case constitute a violation of the Fourteenth Amendment would necessarily result in turning every alleged injury which may have been inflicted by a state official acting under "color of law" into a violation of the Fourteenth Amendment cognizable under § 1983. It is hard to perceive any logical stopping place to such a line of reasoning. Presumably, under this rationale, any party who is involved in nothing more than an automobile accident with a state official could allege a constitutional violation under § 1983. Such reasoning 'would make the Fourteenth Amendment a front of tort law to be superimposed upon whatever systems may already be administered by the States.' *Paul v. Davis*, 424 U.S. 693, 701, 96 S.Ct. 1155 [, 1160], 47 L.Ed.2d 405. We do not think that the drafters of the Fourteenth Amendment intended the Amendment to play such a role in our society. (emphasis supplied). *Parratt v. Taylor, supra*, 451 U.S. at 544, 101 S.Ct. at 1917.

Plaintiff's claim satisfies three prerequisites of a valid due process claim: defendants acted under color of state law, the right to be free from bodily injuries falls within the definition of liberty interest, and the injury, allegedly negligently caused, may amount to a deprivation of a liberty interest. However, according to *Parratt, supra* at 537, 101 S.Ct. at 1914, these elements standing alone do not establish a violation of the Fourteenth Amendment.

The Fourteenth Amendment protects only against deprivation without due process of law. *Baker v. McCollan,* 443 U.S. 137, 145, 99 S.Ct. 2689, 2695, 61 L.Ed.2d 433 (1979). Plaintiff's alleged deprivation of liberty is not without due process of law under *Parratt, supra,* because a post-deprivation remedy is available in the state courts.[1] Under Ind.Code § 34–4–16.5–1 et seq., an inmate may bring a claim against a state employee.

In a case very similar to the one here, the United States Court of Appeals for the Fourth Circuit held that injury to an inmate allegedly resulting from the negligence of prison officials was not a protectable liberty interest under the due process clause of the Fourteenth Amendment. *Daniels v. Williams,* 748 F.2d 229 (4th Cir.1984). In *Daniels* an inmate brought a civil rights action against a deputy sheriff to recover for injuries allegedly sustained when he slipped and fell on a pillow and newspapers left on some stairs by the deputy sheriff. The court in *Daniels* further held that if the ordinary citizen may not sue under § 1983 a state employee who has negligently deprived him of a liberty interest by injury to his person, then the prisoner should not be allowed to prosecute a similar claim. *Parratt v. Taylor, supra* 451 U.S. at 544, 101 S.Ct. at 1917; *Daniels, supra* at 231. The district courts in the Fourth Circuit following *Daniels* have done so in the same vein as announced here. *White v. Booker,* 598 F.Supp. 984 (E.D.Va. 1984); *Stewart v. Hunt,* 598 F.Supp. 1342 (E.D.N.C.1984).

This court has also held that injury to one's person in both the prisoner context and the person in "free society" context does not foster a constitutional claim. In *Hendrix v. Faulkner,* 525 F.Supp. 435 (N.D.Ind.1981), *aff'd in part, rev'd in part and rem. sub nom. Wellman v. Faulkner,* 715 F.2d 269 (7th Cir.1983), an inmate's

Eighth Amendment claim for mistreatment of a broken hand was dismissed where there was no evidence to implicate the prison hospital administrator's direct personal responsibility for inmate's treatment by prisoner nurse. In *Ellsworth v. Mockler,* 554 F.Supp. 1072 (N.D.Ind.1983), appeal pending, this court held that negligent operation of an automobile by a deputy sheriff acting under color of state law did not give rise to a § 1983 claim for wrongful death. Here, like in *Hendrix* and *Ellsworth,* plaintiff has no constitutional claim.

The fact that the tile was missing in the shower raises the issue of whether the defendants were merely negligent or deliberately indifferent, which can be shown by either actual intent or reckless disregard on behalf of the defendants, in not having replaced the missing tile. In the most recent Seventh Circuit decision involving the alleged negligence of prison officials resulting in prisoner injury, the Court of Appeals held that mere negligence is not sufficient to merit a constitutional claim. *Benson v. Cady,* 761 F.2d 335 (7th Cir.1985). Benson, a prisoner, brought an Eighth Amendment claim, equal protection claim, and pendent state law claims against various prison officials. Benson was injured when one of the weights on the barbell exercise equipment that he was using slipped off and struck him in the neck, head, and shoulder area of his body. The lock and screw designed to hold the weight on the barbell was missing. Benson was later injured when the bed in his cell, which was held in it daytime vertical position by two large hooks, fell from its vertical position and struck Benson in the neck. One of the hooks had been missing and the bed fell when the remaining hook failed. Benson claims that the defendant prison officials failed to have the barbell exercise equipment and the bed inspected and repaired. The Court of Appeals held that although the prison officials

---

**1.** The Court of Appeals for the Seventh Circuit has held that one is not deprived of his liberty without due process of law where post-deprivation state tort remedies are available. *Guenther v. Holmgreen,* 738 F.2d 879 (7th Cir.1984). Plaintiff Guenther filed a § 1983 action claim-

ing that his arrest was made without probable cause. Because of the availability of state court remedies, the court held that Wisconsin has done all that the Fourteenth Amendment requires in this context to guarantee Guenther procedural due process.

might have been negligent, a mere failure to inspect and repair periodically defective items in the prison environment does not evidence deliberate indifference; therefore Benson did not state an appropriate claim under § 1983. *Id.* at 340.

 Here plaintiff alleges that defendants were negligent in not replacing the missing shower tile. As previously stated, the issue is whether the defendants were merely negligent or deliberately indifferent in failing to replace the missing tile. Based on the standards defined in *Benson, supra,* plaintiff must show defendants' deliberate indifference, evidenced by either actual intent or reckless disregard, in order to have a constitutional claim. Plaintiff has not done this. "Actual intent" is self-explanatory, and based on the record, plaintiff has not shown that defendants actually intended to harm him. Reckless disregard is not self-explanatory according to the decision in *Benson. Id.* at 339. Recklessness is characterized by highly unreasonable conduct or a gross departure from ordinary care in a situation where a high degree of danger is apparent. Prosser, Law of Torts, § 34 at 185 (4th ed. 1971). In other words, a defendant acts recklessly when he disregards a substantial risk of danger that either is known to him or would be apparent to a reasonable person in his position. *Benson, supra* at 339. There is nothing before this court to show that the missing tile posed a risk of danger to plaintiff or any other inmate. No other injuries have been attributed to the missing tile nor is there any evidence before this court indicating that there had been complaints about the missing tile. Furthermore, plaintiff has failed to allege that defendants knew or had reason to know of any risk of danger posed by the missing tile. Thus, plaintiff has failed to state a claim of deliberate indifference to his physical safety due to the missing tile in the shower. *Id.* at 340.

 Plaintiff further states that he received improper medical treatment for his injuries. Plaintiff has not responded to defendants' motion for summary judgment.

The Supreme Court of the United States held in *Estelle v. Gamble,* 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), that "medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Id.* at 106, 97 S.Ct. at 292; *Daniels v. Williams, supra* at 231; *see also Hendrix v. Faulkner, supra.* In light of *Estelle v. Gamble, supra,* and *Benson v. Cady, supra,* negligent injury to the body is not a constitutional violation. Thus, negligent injury to plaintiff's person is not a protectable liberty interest under the due process clause of the Fourteenth Amendment, and plaintiff's complaint does not state a cause of action under § 1983.

Plaintiff's alleged deprivation of liberty is not without due process of law under *Parratt v. Taylor, supra,* because a post-deprivation remedy is available in the state court. I.C. § 34-4-16.5-1 et seq.

Accordingly, defendants' motion for summary judgment is hereby GRANTED. SO ORDERED. NO COSTS ASSESSED.